

**FILED** BG
10/31/2018

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT




**RECEIVED** KB
10/22/2018

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

ADAM A LUJANO

_____

_____

(Enter above the full name
of the plaintiff or plaintiffs in
this action)

SCANNED at PCC and E-Mailed
10/22/18 (date) by KK (initials)
34 (# of pages)

vs.

KEVIN KILROY #6398

JOSE LOPEZ #809

HAVEN MATTEWS #3698

DANIEL DELOPEZ #15612

MARK ZAWILA # 20115   IN THEIR INDIVIDUAL CAPACITIES.

CITY OF CHICAGO SUED AS AN MUNICIPALITY..

(Enter above the full name of ALL
defendants in this action. **Do not
use "et al."**)

Case No: 2017   C   3790
(To be supplied by the Clerk of this Court)

**CHECK ONE ONLY:**          **AMENDED COMPLAINT**

X    **COMPLAINT UNDER THE CIVIL RIGHTS ACT, TITLE 42 SECTION 1983
U.S. Code** (state, county, or municipal defendants)

_____    **COMPLAINT UNDER THE CONSTITUTION ("BIVENS" ACTION), TITLE
28 SECTION 1331 U.S. Code** (federal defendants)

_____    **OTHER** (cite statute, if known)

*BEFORE FILLING OUT THIS COMPLAINT, PLEASE REFER TO "INSTRUCTIONS FOR
FILING." FOLLOW THESE INSTRUCTIONS CAREFULLY.*

I. **Plaintiff(s):**

A. Name: ADAM LUJANO A.

B. List all aliases: ANGELOS LUJANO / ADAM TORRES

C. Prisoner identification number: # R44373

D. Place of present confinement: _____

E. Address: _____

(If there is more than one plaintiff, then each plaintiff must list his or her name, aliases. I.D. number, place of confinement, and current address according to the above format on a separate sheet of paper.)

II. **Defendant(s):**
(In A below, place the full name of the first defendant in the first blank, his or her official position in the second blank, and his or her place of employment in the third blank. Space for two additional defendants is provided in **B** and **C**.)

A. Defendant: KEVIN KILROY # 10398

Title: OFFICER

Place of Employment: CHICAGO POLICE DEPARTMENT

B. Defendant: JOSE LOPEZ # 809

Title: OFFICER

Place of Employment: CHICAGO POLICE DEPARTMENT

C. Defendant: HAVEN MATTEWS # 3698

Title: OFFICER

Place of Employment: CHICAGO POLICE DEPARTMENT

(If you have more than three defendants, then all additional defendants must be listed according to the above format on a separate sheet of paper.)

Revised 9/2007

D. DEFENDANT: JERALD FELLOWS #16603

Title: OFFICER

PLACE OF EMPLOYMENT: CHICAGO POLICE DEPARTMENT

E. DEFENDANT: MARK ZAWILA #20115

Title: OFFICER

PLACE OF EMPLOYMENT: CHICAGO POLICE DEPARTMENT, sued in their

individual and official capacities...

F. CITY OF CHICAGO, SUED AS AN MUNICIPLITY.

III.   List ALL lawsuits you (and your co-plaintiffs, if any) have filed in any state or federal court in the United States:

A.   Name of case and docket number: ADAM A LUJANO # 12 CU 2153

B.   Approximate date of filing lawsuit: MARCH 25 2012

C.   List all plaintiffs (if you had co-plaintiffs), including any aliases: _____
      ADAM LUJANO ANTHONY

D.   List all defendants: P.O AARON Carranza # 8693 Po BRIAN CHHIU #19 478
      PO JASON VUCKO #1306   PO GUSTAVO BEDOY #3241
      PO ROBERT VELIA # 8642

E.   Court in which the lawsuit was filed (if federal court, name the district; if state court, name the county): NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

F.   Name of judge to whom case was assigned: HON JOAN GOTTSCHALL

G.   Basic claim made: CITY OF CHICAGO POLICE OFFICER '
      BEATING.

H.   Disposition of this case (for example: Was the case dismissed? Was it appealed? Is it still pending?): RELEASED AND SETTLEMENT AGREEMENT
      RECEIVED

I.   Approximate date of disposition: MAY 7 2013

IF YOU HAVE FILED MORE THAN ONE LAWSUIT, THEN YOU MUST DESCRIBE THE ADDITIONAL LAWSUITS ON ANOTHER PIECE OF PAPER, USING THIS SAME FORMAT. REGARDLESS OF HOW MANY CASES YOU HAVE PREVIOUSLY FILED, YOU WILL NOT BE EXCUSED FROM FILLING OUT THIS SECTION COMPLETELY, AND FAILURE TO DO SO MAY RESULT IN DISMISSAL OF YOUR CASE. CO-PLAINTIFFS MUST ALSO LIST ALL CASES THEY HAVE FILED.

Revised 9/2007

**IV.    Statement of Claim:**

State here as briefly as possible the facts of your case. Describe how each defendant is involved, including names, dates, and places. **Do not give any legal arguments or cite any cases or statutes.** If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. (Use as much space as you need. Attach extra sheets if necessary.)

PLAINTIFF ADAM A LUJANG PURSUANT TO RULE 15 (A) AND 19 (A)
FED.R. CIV.P. REQUESTS LEAVE TO FILE AN AMENDEC COMPLAINT
ADDING AND CHANGING "ORDER" OF PARTY
① THE PLAINTIFF IN HIS ORIGINAL COMPLAINT NAMED
DEFENDANT HAVEN MATTEWS #3698 AS NUMBER ONE OFFICER
② SINCE THE FILING OF THE COMPLAINT THE PLAINTIFF
HAS DETERMINED THAT DEFENDANT NAME OF THE
ARRESTING OFFICER'S KEVIN KILROY #10398 AND
JOSE LOPEZ #809" ET AL."
③ WHICH I FOUND OUT THE RIGHT DEFENDANT'S NAME'S FROM
THE "INTERVIEW THAT OFFICER'S TOOK BY C.O.P.A." CIVILAN
OFFICE OF POLICE ACCOUNTABILTY ONE AND TWO ARRESTING
OFFICER'S
④ "EXHIBIT (2)" SHOW'S WHY I THOUG P.O. MATTHEWS #3695
WAS ARRESTING OFFICER AT THE TIME. IT STATE'S
OFFICER MATTHEWS GAVE ME MY MIRANDA RIGHT'S FROM
WHAT I LEARNED OVER THE YEAR'S THE ARRESTING OFFICER
WILL READ ME MY RIGHT'S . .

4                                                    Revised 9/2007

(5) ON JULY 22 2015 ABOUT 9:00ᴾᴹ OFFICER'S WAS LOOKING FOR ME FOR A "INVESTIGATIVE ALERT" ID#2999 8770." OFFICER'S NAMES KEVIN KILROY #10398, JOSE LOPEZ #809, HAVEN MATTHEWS #3698 DANIEL DELOPEZ #15617 AND MARK ZAWILA #20115

(6) I WAS WITH A FRIEND "PARKED" IN A CHURCH PARKING LOT ACROSS FROM MY HOUSE IN A GREEN VAN WITH TINTED WINDOWS".. THE OFFICER'S PULLED IN CHURCH PARKING LOT ACTIVATED THEIR EMERGENCY LIGHT'S THATS WHEN I RAN BECAUSE I HAD WARRANT'S FOR TRAFFIC.

(7) WHEN I GOT ON THE NEXT BLOCK WHICH IS HOMETOWN ACROSS THE STREET FROM CHICAGO 87 ˢᵀ I GAVE UP GOT DOWN THE OFFICER JOSE LOPEZ #809 WAS WAITING FOR THE "OTHER OFFICER'S" TO GET THERE WHEN THEY GOT THERE THAT'S WHEN I WAS HANDCUFFED ON THE FLOOR FACE DOWN

(8) THAT'S WHEN ALL THE "OFFICER'S STARTED TO KICK ME STUMP ME PUNCH ME I WAS KICKED IN MY "HEAD MY HEAD HIT THE CURB" THAT'S WHEN I STARTED TO "BLEED".. WHAT WAS DONE TO ME I HAD A "BLACK EYE "FACE WAS SWOLLEN BLOOD RUNNING DOWN MY FACE MY TOOTH WAS CRACKED MY HEAD WAS SPLIT OPEN BY MY RIGHT EYE BROW SCRATCHIE'S DOWN MY RIGHT SIDE OF MY BODY BRUISING AS WELL SCRATCH ON MY NOSE ..

5

9) OFFICER KEVIN KILROY #10378 "PUNCHED" ME IN MY LEFT SIDE KICK ME STOMP, PUNCHED ME, WHEN THE OFFICER KILROY PICKED ME UP AND OTHER OFFICER'S I WAS BEEING PUT IN THE S.U.V. THAT'S WHEN OFFICER KILROY STARTED TO CHOCKED ME THEN STOPED BECAUSE I WAS MOVEING THEN STARTED TO STRANGEL ME THAT'S WHEN I WAS TOOK BACK TO 87ST THEN TO THE POLICE DEPARTMENT

10) UPON INFORMATION AND BELIEF." EXHIBIT (3B) "VISUAL CHECK OF ARRESTEE IS THERE OBVIOUS "PAINOR INJURY" IT "SAID NO.". EXHIBIT (3A) OFFICER REPORTING TO THIS; EXHIBIT (4) SHOWS THAT THIS IS A ON GOING THING WITH THESE'S OFFICER'S. AS WELL THE "PICTURE'S" FROM LOCK UP AT 51ST AND WENTWORTH AS WELL "COOK COUNTY JAIL" PICTURE'S ON JULY 25 2015 WILL SHOW I WAS BEATEN. THE DEFENDANT(S) ATTORNEY HAS THESE'S PICTURE'S AS WELL ET AL. AS YOU WILL SEE THE MOTIVATED OF EVIL AND RECKLESS BY DEFENDANT(S) AND THE ACTUAL PHYSICAL INJURY'S

1) I'm ASKING FOR COMPENSATORY DAMAGES OF 100,000 FOR PHYSICAL HARM I WAS CAUSED AS WELL ALL AND ANY HOSPITAL FEE'S ANY ATTORNEY FEE'S AND PUNITIVE DAMAGES OF 10,000 FROM EACH DEFENDANT(S)

I PRAY THIS COURT GRANT LEAVE FREELY TO AMEND COMPLAINT FOMAN v DAVIS 371 U.S. 178, 182 (1962)

RESPECTFULLY SUBMITTED

PLAINTIFF NAME X _____

Subscribed and sworn to before me
this 19 day of October 2018
Beatrice E Stanley, Notary Public

OFFICIAL SEAL
BEATRICE E. STANLEY
Notary Public - State of Illinois
My Commission Expires 02/10/2019

**V.  Relief:**

State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.

I WOULD LIKE TO BE COMPENSATED FOR THE ENDURE PAIN
I SUFFERED AND FORTHER ACTION BE TAKEN FOR
THE EXCESSIVE FORCE CHICAGO POLICE OFFICER'S
DID TO ME.. COMPENSATORY DAMAGES OF 100.000 FOR PHYSICAL HARM
HOSPITAL FEE'S ATTORNEY FEE'S AND PUNITIVE DAMAGES OF 10.000 FROM
EACH DEFENDANT'S

**VI.**  The plaintiff demands that the case be tried by a jury.  ☒ YES  ☐ NO

## CERTIFICATION

By signing this Complaint, I certify that the facts stated in this Complaint are true to the best of my knowledge, information and belief. I understand that if this certification is not correct, I may be subject to sanctions by the Court.

Signed this _OCT_ day of _19_, 20 _18_

(Signature of plaintiff or plaintiffs)

(Print name)

R44373

(I.D. Number)

P.O. BOX 99 PONTIAC IL
61764

(Address)

Subscribed and sworn to before me
this _19_ day of _October 2018_

Beatrice E Stanley, Notary Public

OFFICIAL SEAL
BEATRICE E. STANLEY
Notary Public - State of Illinois
My Commission Expires 02/10/2019

6

Revised 9/2007

Name: **LUJANO, Adam**
IR No: **1293602**

Print      Close



$EXHIBIT\ (A)$

**PERSONNEL ASSIGNED:**  Sgt. Jose LOPEZ #809, P.O. Kevin KILROY #10398, P.C
Haven MATTHEWS #3698.

**PERSONS PRESENT AND NOT ARRESTED:** CROFT, Frances IR#▮▮▮▮
DOB: ▮▮▮▮▮
F/2/29 5'04" tall 140lbs
Tattoo upper right arm "praying hands life is not forever
▮▮▮▮▮▮

*EXHIBIT 2A*

ZAVALA, Kaydence
F/2/7

ZAVALA, Charles
M/2/5

FIGUEROA, Brenda
F/2/3

**HISTORY OF INVESTIGATION:** In summary, R/Os working in conjunction with Area Central
Detectives, were investigating an aggravated battery/discharge of a firearm from 3859 S. Western listed under RD
HY-351077. The battery occurred on 22 JUL 2015 at 1415 hours. R/O's along with Detectives Rios #21297 and
Lara #20829, learned of a possible address for offender LUJANO at 8657 S. Kolin. R/O's set up surveillance on
said address and approximately 2100 hours offender LUJANO arrived at the house driving a 2002 green Chevy
Astro Van bearing Illinois license plate # S142511. CROFT, Frances exited the vehicle and began to walk
towards 8657 S. Kolin. R/O's approached said vehicle with their emergency lights activated. Offender LUJANO
looked at R/O's vehicle and attempted to flee the scene while driving said vehicle with all 3 above listed children
in the vehicle. As offender LUJANO fled the scene he struck off duty P.O. REYNOLDS who was driving his
vehicle westbound on 87th St. en route to work, offender LUJANO then struck a parked semi tractor (see traffic
crash report listed under RD#HY-351653). Offender LUJANO then attempted to flee on foot. R/O's along with
P.O. Reynolds pursued offender on foot, apprehending him at 4333 W. 87th place in Hometown, Illinois. Offende
LUJANO was placed into custody and given rights per Miranda by P.O. Matthews #3698. P.O. REYNOLDS
sustained 2 broken vertebrae as a result of said crash and will undergo surgery. CFD was immediately summoned
for the well being of the children and offender. R/O's located said vehicle and a custodial search of the vehicle
yielded above inventoried handgun in plain view from the storage area on the inside of the front driver's side door.
An evidence technician was requested to recover said handgun. E.T. Harrigan #2972 recovered said handgun and
submitted it for fingerprints and DNA testing. Ballistic tests revealed that above inventoried handgun was in fact
the gun used in the aggravated battery earlier in the day. It should be noted that RD#HY-351752 was a second
RD# which was obtained by R/O's for Aggravated UUW by Felon as a result of offender possessing above
inventoried handgun.

| 90.EXTRA COPIES REQ'D | | 91.DATE SUBMITTED | TIME | 92 SUPERVISOR APPRV. STAR |
|---|---|---|---|---|
| | | 23 JUL 2015 | 0530 | Sgt. J. Lopez #809 |
| 93.REPORTING OFFICER- PRINT | STAR | 94.REPORTING OFFICER | STAR | SIGNATURE |
| P.O. DeLopez | 15612 | Det. Zawila | 20115 | |
| SIGNATURE | | SIGNATURE | | DATE APPROVED TIME |
| LIEUTENANT APPRV.STAR | | SIGNATURE | | DATE APPROVED TIME |

## ARREST PROCESSING REPORT

| | |
|---|---|
| **Holding Facility:** District 002 Male Lockup | **Time Last Fed:** 24 July 2015 15:15 |
| **Received in Lockup:** 23 July 2015 01:38 | **Time Called:** 24 July 2015 19:50 |
| **Prints Taken:** 23 July 2015 01:39 | **Phone#:** 7732559528 |
| **Palmprints Taken:** Yes | **Cell #:** 3/3 |
| **Photograph Taken:** 23 July 2015 01:44 | **Transport Details :** 2PO 6510E 22-JUL-2015 21:45 |
| **Released from Lockup:** 25 July 2015 09:00 | |

### LOCKUP KEEPER PROCESSING

**VISUAL CHECK OF ARRESTEE**

| | |
|---|---|
| Is there obvious pain or injury? | No |
| Is there obvious signs of infection? | No |
| Under the influence of alcohol/drugs? | No |
| Signs of alcohol/drug withdrawal? | No |
| Appears to be despondent? | No |
| Appears to be irrational? | No |
| Carrying medication? | No |

**ARRESTEE QUESTIONNARIE**

| | |
|---|---|
| Presently taking medication? | Yes |
| (if female)are you pregnant? | No |
| First time ever been arrested? | No |
| Attempted suicide/serious harm? | No |
| Serious medical or mental problems? | No |
| Are you receiving treatment? | No |
| Transgender/intersex/gender non-conforming? | No |
| Deaf/hard of hearing-request interpreter for court? | No |
| Interpreter needed? (indicate language) | No |

**ARRESTEE PRESCRIPTION MEDICATION INFORMATION**

**RETURN TO HOLDING FACILITY COMMENTS:**

**QUESTIONNAIRE REMARKS:**

Arrestee Says He Takes Medication From An Chest Injury From A Car Accident    NOT TRUE

**LOCKUP KEEPER COMMENTS:**

| | | |
|---|---|---|
| 23 JUL 2015 10:04 | DAVIS, Torrance T (PC0C893) : | Arrestee Fed At 1000hrs. |
| 23 JUL 2015 19:57 | STROUD, Darius T (PC0AF45) : | Declined Food At 19:30 |
| 24 JUL 2015 09:07 | DAVIS, Torrance T (PC0C893) : | Changed Cell From 3/3 To 3/2 And Fed Arrestee At 0900 Hrs. |
| 24 JUL 2015 19:48 | STROUD, Darius T (PC0AF45) : | Fed At 15:15 |
| 24 JUL 2015 19:54 | STROUD, Darius T (PC0AF45) : | Phone Call 773-255-9528 At 19:50 |

**EMERGENCY CONTACT**

**Name : REFUSED**

Res:    Beat:

### INTERVIEW LOG

NO INTERVIEWS LOGGED

## ARREST REPORTING

19156266

**ATTESTING OFFICER:**

I hereby declare and affirm, under penalty of perjury, that the facts stated herein are accurate to the best of my knowledge, information and/or belief.

Attesting Officer:     #15612    DE LOPEZ, D J (PC0F622)        23 JUL 2015 01:17

**ARRESTING OFFICER(S):**

| | | | Beat |
|---|---|---|---|
| 1st Arresting Officer: | #15612 | DE LOPEZ, D J (PC0F622) | 6510D |
| 2nd Arresting Officer: | #20115 | ZAWILA, M A (PC0N086) | 6510C |

**APPROVING SUPERVISOR:**

Approval of Probable Cause : #1747     COMISKEY, J J (PC0T236)     23 JUL 2015 01:21

EXHIBIT (3A)







$EXHIBIT$ 4

After conducting a search on Kevin Kilroy (Star #10398), COPA located eight (8) Complaint Registers (CRs) in which this officer was named as the accused. With respect to Log numbers 106357, 1045667, 1007059 and 1006327, COPA is providing responsive documents. Log numbers 310558, 294240, 287301 and 283185 predate COPA. Please be advised that COPA launched on September 15, 2017 and took possession of IPRA's files. *See* MCC 2-78. Thus, any information with respect to an event that occurred prior to September 5, 2007 predated IPRA, and is therefore information that COPA does not possess.

After conducting a search on Haven Matthews (Star #3698), COPA located four (4) Complaint Registers (CRs) in which this officer was named as the accused. With respect to Log numbers 1055049, 1020562 and 1017407, COPA is providing responsive documents. Log number 305723 predate COPA.

After conducting a search on Daniel DeLopez (Star #15612), COPA located twelve (12) Complaint Registers (CR) in which this officer was named as the accused. With respect to Log numbers 1031939, 1025548, and 1002371, COPA is providing responsive documents. Log numbers 298363, 297857, 285402, 284802, 284738, 284680, 283589, 283416 and 2822217 predate COPA.

After conducting a search on Mark Zawila (Star #20115), COPA located four (4) Complaint Registers (CRs) in which this officer was named as the accused. With respect to Log numbers 298363, 284802, 284680 and 283589 Log numbers predate COPA.

After conducting a search on Jose Lopez (Star #809), please be advised that COPA located ten (10) Complaint Registers (CRs) in which this officer was named as the accused. With respect to Log numbers 1047737, 1041559, 1036045, 1033596, 1033397, 1030468, 1026262 and 1009351, COPA is providing responsive documents. Log numbers 288407 and 284924 predate COPA.

At this time, COPA is providing you with responsive documents in our possession pursuant to our understanding of your FOIA request. The documents are being released to you with certain information redacted. The redacted information, which includes information related to the identity of private information (birthdays, SSN, home addresses, etc.) related to those involved in the incident, is exempt from disclosure under the below-listed exemptions of the Illinois Freedom of Information Act:

5 ILCS 140/7 (1) (a) Information specifically prohibited from disclosure by Federal or State law or rules and regulations adopted under Federal or State law;

5 ILCS 140/7 (1) (b) Private information, unless disclosure is required by another provision of this Act, a State or Federal law or a court order.

5 ILCS 140/7 (1) (c) Personal information contained within public records, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy, unless the disclosure is consented to

## ARREST PROCESSING REPORT

**VISITOR LOG**

23 or 24TH

NO VISITORS LOGGED. ?  DID GET VISIT.. NON ATTORNEY

**MOVEMENT LOG**

| Action | By | | | Destination | Reason |
|---|---|---|---|---|---|
| RELEASED BY | #1935 | Pierce, Thomas (PC0T737) | | 25 JUL 2015 04:03  District 002 Male Lockup | |
| RECEIVED BY | #1935 | Pierce, Thomas | | 25 JUL 2015 04:03  Mercy | At Mercy Hospital Left With 211r At Around 0200 Hrs |
| RECEIVED BY | #9553 | Robinson, Nina M (PC0R219) | | 25 JUL 2015 07:20  District 002 Male Lockup | Back From Hospital |

**WC COMMENTS**

**Watch Commander Comments:**

#2031  Word, Hosea (PC0J082)

25 JUL 2015 09:25

Beat 5193 working on C████████ at 0930 hrs Per Sgt Smith Area Central.

**PRE W/C CHARGING**

DOES NOT APPLY TO THIS ARREST

## ARRESTEE PROCESSING PERSONNEL

**PROCESSING PERSONNEL**

| | | Beat |
|---|---|---|
| Searched By: | WILSON, R T (PC0AG11) | |
| Lockup Keeper: | GROSS, D (PC0AG10) | |
| Assisting Arresting Officer: X  #10398 | KILROY, K M (PC0U934) | 6510E |
| Assisting Arresting Officer: X  #3698 | MATTHEWS, H A (PC0W429) | 6510B |
| Assisting Arresting Officer: X  #809 | LOPEZ, J L (PC0G068) | 6510 |
| Fingerprinted By: | WILSON, R T (PC0AG11) | |
| Detective:  #20829 | Lara, Rogelio (PC0I531)  24 JUL 2015 15:59 | |

## APPROVAL PERSONNEL

| | | | Beat |
|---|---|---|---|
| Final Approval of Charges: | #2227 | ████████████  ████ JUL 2015 ██████ | |

42-43 ho's

LOCKED UP



**CIVILIAN OFFICE OF POLICE ACCOUNTABILITY**             **LOG #1086690**

## SUMMARY REPORT OF INVESTIGATION

### I.     EXECUTIVE SUMMARY

| | |
|---|---|
| Date of Incident: | July 22, 2015 |
| Time of Incident: | 9:00 PM |
| Location of Incident: | 4333 W. 87th Place, Hometown, IL |
| Date of COPA Notification: | September 11, 2017 |
| Time of COPA Notification: | 11:54 AM |

On July 22, 2015, at the corner of 4340 W. 87th St., in a church parking lot, at or around 9:00 PM, ███████████ was sitting in a green van when he was approached by plainclothes CPD personnel Sgt. Jose Lopez, ("Sgt. Lopez"), Star #809, Detective Mark Zawila, ("Det. Zawila"), Star #3698, and Officers Haven Matthews, ("Officer Matthews"), Star #3698, Daniel DeLopez, ("Officer DeLopez"), Star #15612, and Kevin Kilroy, ("Officer Kilroy"), Star #10398 of the Gang Investigation Division. ███████ was a wanted suspect for a shooting that occurred earlier that day. ███████ then fled in the green van southbound across 87th Street, hitting a passenger vehicle. ███████ then ran from the van and fled on foot southbound into Hometown, IL.  The officers caught up to ███████ and he surrendered. ███████ alleges that while he was lying prone on the ground, the officers proceeded to kick, punch and hit him about the body. The Civilian Office of Police Accountability ("COPA") reviewed these allegations and recommends that they be Unfounded.[1]

### II.     INVOLVED PARTIES

| | |
|---|---|
| Involved Officer #1: | Jose L. Lopez, Star #809, Employee ███████, DOB: ████/66, DOA: 02/06/95, Rank: Sergeant, Unit of Assignment: (193) Gang Investigation Division, Male, Hispanic |
| Involved Officer #2: | Haven A. Matthews, Star #3698, Employee ███████, DOB: ████/79, DOA: 08/26/02, Rank: Police Officer, Unit of Assignment: (193) Gang Investigation Division, Male, Black |
| Involved Officer #3: | Mark A. Zawila, Star #20115, Employee ███████, DOB: ████/68, DOA: 05/02/94, Rank: Detective, Unit of |

---

[1] On September 15, 2017, the Civilian Office of Police Accountability (COPA) replaced the Independent Police Review Authority (IPRA) as the civilian oversight agency of the Chicago Police Department.  Thus, this investigation, which began under IPRA, was transferred to COPA on September 15, 2017, and the recommendation(s) set forth herein are the recommendation(s) of COPA.

**CIVILIAN OFFICE OF POLICE ACCOUNTABILITY**                    **LOG #1086690**

|  |  |
|---|---|
|  | Assignment: (193) Gang Investigation Division, Male, White |
| Involved Officer #4 | Daniel D. DeLopez, Star #15612, Employee ▮▮▮, DOB: ▮▮/72, DOA: 06/05/95, Rank: Police Officer, Unit of Assignment: (193) Gang Investigation Division, Male, White Hispanic |
| Involved Officer #5 | Kevin M. Kilroy, Star #10398, Employee ▮▮▮, DOB: ▮▮/75, DOA: 09/11/00, Rank: Police Officer, Unit of Assignment: (193) Gang Investigation Division, Male, White |
| Involved Officer #6 | Bryan F. Reynolds, Star #18656, Employee ▮▮▮, DOB: ▮▮/64, DOA: 12/05/94, Rank: Police Officer, Unit of Assignment: (051) Airport Law Enforcement-South, Male, White |
| Subject #1: | ▮▮▮▮DOB: ▮▮/83, Male, White Hispanic |

### III.   ALLEGATIONS

| Officer | Allegation | Finding |
|---|---|---|
| Sgt. Jose Lopez | 1. It is alleged that on or about July 22, 2015, at 4333 W. 87th St., Hometown, IL, at approximately 9:00 PM, Sgt. Jose Lopez kicked, punched, and hit upon the body of ▮▮▮▮ causing injury in violation of Rules 8 and 9. | Unfounded |
| Officer Haven Matthews | 1. It is alleged that on or about July 22, 2015, at 4333 W. 87th St., Hometown, IL, at approximately 9:00 PM, Officer Haven Matthews kicked, punched, and hit upon the body of ▮▮▮▮ causing injury in violation of Rules 8 and 9. | Unfounded |
| Detective Mark Zawila | 1. It is alleged that on or about July 22, 2015, at 4333 W. 87th St., Hometown, IL, at approximately 9:00 PM, Detective Mark Zawila kicked, punched, and hit upon the body of ▮▮▮▮ causing injury in violation of Rules 8 and 9. | Unfounded |
| Officer Daniel DeLopez | 1. It is alleged that on or about July 22, 2015, at 4333 W. 87th St., Hometown, IL, at approximately 9:00 PM, Officer Daniel DeLopez kicked, punched, and hit upon the body of ▮▮▮▮ causing injury in violation of Rules 8 and 9. | Unfounded |

2

**CIVILIAN OFFICE OF POLICE ACCOUNTABILITY**                    LOG #1086690

| Officer Kevin Kilroy | 1. It is alleged that on or about July 22, 2015, at 4333 W. 87th St., Hometown, IL, at approximately 9:00 PM, Officer Kevin Kilroy kicked, punched, and hit upon the body of ▉▉▉▉ causing injury in violation of Rules 8 and 9. | Unfounded |
| --- | --- | --- |

## IV.    APPLICABLE RULES AND LAWS

Rules

1. **Rule 8:** Disrespect to or maltreatment of any person while on or off duty.

2. **Rule 9:** Engaging in any unjustified verbal or physical altercation with any person, while on or off duty.

## V.    INVESTIGATION

COPA conducted a thorough and complete investigation. The following is a summary of the material evidence gathered and relied upon in our analysis.

### a. Interviews

On November 1, 2017, complainant ▉▉▉▉▉▉▉▉ gave an audio recorded interview to COPA at the Cook County Department of Corrections.[2] ▉▉▉▉ stated that on July 22, 2015, near 87th and Kolin, he was sitting in a green van in a church parking lot.[2] ▉▉▉▉ stated the vehicle belonged to a friend. ▉▉▉▉ stated he was unsure how long he sat there in the vehicle. ▉▉▉▉ refused to answer how he encountered CPD officers in the church parking lot. ▉▉▉▉ stated that CPD personnel did not identify themselves as police officers. ▉▉▉▉ stated he knew CPD officers were looking for him because he had outstanding traffic warrants. ▉▉▉▉ stated he took off running, jumped a fence, and there was one cop chasing him. ▉▉▉▉ stated he ran southbound across 87th St., from the church parking lot, into Hometown, IL. ▉▉▉▉ described the vehicle following him as an SUV with tinted windows. ▉▉▉▉ stated he got into the next block and that one cop tried to run him over. ▉▉▉▉ stated he was tired and gave up running. ▉▉▉▉ stated at that point, he got down on his knees and surrendered.

▉▉▉▉ stated he laid down and the officers handcuffed him. ▉▉▉▉ stated after he laid on the ground and was handcuffed, the accused officers all started to beat him up. ▉▉▉▉ stated the officers started kicking him and punching him. ▉▉▉▉ stated he did not know how many officers hit him but he felt a lot of people, and he was trying to cover his face even though he was handcuffed. ▉▉▉▉ stated the officers were hitting him with closed fists, stomping, and kicking him. ▉▉▉▉ stated the officers kicked him in the back, all over his body, in his side,

---

[2] The church address is 4340 W. 87th St., Chicago, IL

3

CIVILIAN OFFICE OF POLICE ACCOUNTABILITY          LOG #1086690

head and legs. _____ stated his head was split and he had a big black eye. _____ also stated his face was swollen and he had blood all down his face. _____ stated EMS was called and he received treatment from EMS personnel after he was taken back by the CPD officers to 87th St and Kolin. _____ stated that the accused officers told him that if he went to the hospital, they would beat him up again. _____ stated he was then transported to the Area Central Detective Division. _____ stated he requested medical attention while in detention at the 2nd District because of his stomach and he was taken to Mercy Hospital. _____ stated at the hospital, he told medical personnel he was beaten up by the police. _____ stated after receiving medical attention he was transported back to the 2nd District, and then to the Cook County Department of Corrections.[3,4,5]



On March 16, 2018, witness Paramedic-In-Charge Ronald Taylor, ("Taylor"), gave COPA an audio recorded interview. Taylor stated on July 22, 2015 he was working Ambulance #17 with Paramedic J. Marquardt ("Marquardt"). Taylor stated he did not have any independent recollection of being dispatched to 8699 S. Kostner Ave. When asked about the Chicago Fire Department ("CFD") Run Sheet generated with respect to this incident, Taylor stated that typically the Ambulance Report[6] is completed when an ambulance transports an individual needing medical treatment to the hospital. Taylor stated the CFD Ambulance Report indicates _____ was transported by ambulance to Little Company of Mary Hospital. Taylor stated the report shows Officer Kilroy rode in the ambulance with _____ since he was in police custody.[7]

On March 16, 2018, witness Paramedic Joan Marquardt ("Marquardt"), gave COPA an audio recorded interview. Marquardt stated she had no independent recollection of her duty status, the nature of the ambulance run, or condition of the _____ on July 22, 2015. Marquardt stated Taylor completed the Chicago Fire Department Ambulance Report.[8] PM Marquardt stated while she has no independent recollection of the events, if _____ was under police custody, it is Chicago Fire Department policy that an officer is in the ambulance while transporting the subject to the hospital.[9]

On February 7, 2018, witness Officer Bryan Reynolds ("Officer Reynolds"), Star #18656, gave COPA an audio recorded interview. On July 22, 2015, Officer Reynolds stated he was driving in his personal vehicle westbound on 87th St., heading to his duty assignment at Midway Airport. Officer Reynolds stated he was struck by a vehicle, later identified as being driven by _____ coming out of a church parking lot at 87th and Kolin. Officer Reynolds



---

[3] On the advice of legal counsel present with _____ he refused to answer some questions during his COPA interview.
[4] On March 16, 2018, _____ plead guilty in Cook County Circuit Court to Aggravated Battery and Felon in Possession of a Firearm #15CR1304401.
[5] Attachment 21
[6] Attachment 45
[7] Attachment 46
[8] Attachment 45.
[9] Attachment 47

EXHIBIT LE

**CIVILIAN OFFICE OF POLICE ACCOUNTABILITY**                    LOG #1086690

stated ███ vehicle careened off his car and into a parked semi-trailer truck. Officer Reynolds stated, ███ got out, and he parked in front of the parked semi-truck to get out of the street, and saw other police officers chasing ███ in a vehicle and on foot. Officer Reynolds stated he knew the persons chasing ███ were police officers because they announced their office and he saw blue lights. Officer Reynolds stated ███ went through some yards and then he lost sight of him. Officer Reynolds stated he followed ███ on foot southbound through the same yards. Officer Reynolds stated when he got to 87th Place, ███ was on the ground getting handcuffed by two police officers. Officer Reynolds stated he walked up to ███ and he told him that he was a police officer and he hit his car. Officer Reynolds stated after ███ was picked up from the ground, he immediately felt the pain in his neck. Officer Reynolds stated the officers at the arrest location asked if he was alright, and he told them he was feeling pain in his neck. Officer Reynolds also stated he felt pain in his chest and knee. Officer Reynolds stated the officers placed him in their vehicle and conveyed him back to his vehicle and waited for the paramedics. Officer Reynolds stated he did not see any police officers hit, kick or punch ███ Officer Reynolds stated there was no struggle from ███ while he was being arrested. Officer Reynolds stated he did not observe any injuries to ███ [10]

 *PUT ON LAW SUIT?*

On January 17, 2018, accused Officer Haven Matthews ("Officer Matthews"), Star #3698 provided a recorded statement to COPA. Officer Matthews stated he was wearing plainclothes and driving alone in a CPD issued covert vehicle. Officer Matthews stated he was part of a team that included Sgt. Lopez, Det. Zawila, Officer DeLopez, and Officer Kilroy. Officer Kilroy stated the team was looking for ███ Officer Matthews stated the team was looking for ███ because he had allegedly shot two people earlier in the day during a confrontation. Officer Matthews stated he believed there was an investigative alert to apprehend and arrest ███ regarding the shooting earlier that day. Officer Matthews stated the team had received information from ███ girlfriend's mother describing the vehicle ███ was driving, and that ███ was returning to the area. Officer Matthews stated he first observed ███ on 87th St. and Kolin, while sitting in his covert vehicle, in the church parking lot where cars were parked. Officer Matthews stated ███ drove into a parking lot in a green van. Officer Matthews stated his seat was down so that he was hidden if someone looked in the vehicle. Officer Matthews stated that as the dome light came on in the van, he could clearly see it was ███ Officer Matthews stated he got on the car-to-car radio and informed his team of ███ location. Officer Matthews stated an enforcement vehicle came up behind ███ and activated the emergency lighting. Officer Matthews stated ███ then took off and attempted to flee in the van.

Officer Matthews stated ███ pulled onto 87th St. into on-coming traffic, causing a multi-car accident. Officer Matthews stated he exited his vehicle and ran to the van. Officer Matthews stated ███ by now had proceeded southbound across 87th St. Officer Matthews

___

[10] Attachment 42



CIVILIAN OFFICE OF POLICE ACCOUNTABILITY          LOG #1086690

stated ▆▆▆ ran into some gangways and then disappeared. Officer Matthews stated he pursued ▆▆▆ on foot, searching yards with several members of his team. Officer Matthews stated while this was occurring, other members of his team communicated via radio they had found ▆▆▆ Officer Matthews stated he proceeded back across 87ᵗʰ St. to look for the van. Officer Matthews stated ▆▆▆ girlfriend had moved the vehicle. Officer Matthews stated he and several members of the team found and secured the van, recovering a firearm. Officer Matthews stated Sgt. Lopez and Officer Kilroy had ▆▆▆ in custody, and brought him back to the scene. Officer Matthews stated he was not present at the location where Sgt. Lopez and Officer Kilroy arrested ▆▆▆ Officer Matthews stated the scene where ▆▆▆ abandoned his vehicle, was hectic because of the accident and some people were hurt. Officer Matthews stated Sgt. Lopez called for EMS, asked him to stand by with the enforcement vehicles, and control ▆▆▆ movements to prevent escape. Officer Mathews stated one of the injured was an off-duty CPD police officer, identified as Officer Bryan Reynolds. Officer Matthews stated officers from the Hometown, IL Police Department showed up, but he could not recall if any CPD members came to the location. Officer Matthews stated he could not recall if ▆▆▆ had any injuries because he did not have any interaction with ▆▆▆ Officer Matthews stated ▆▆▆ was taken to the hospital for medical attention. Officer Matthews stated he believed ▆▆▆ had some injuries possibly from the accident or from the confrontation he had earlier that day. ✗

Officer Matthews stated he did not kick or stomp ▆▆▆ while he was on the ground. Officer Matthews stated he did not kick ▆▆▆ in the head forcing it to hit the curb while he was on the ground. Officer Matthews stated he did not place ▆▆▆ in a chokehold. Officer Matthews stated he did not strangle or choke ▆▆▆ Officer Matthews stated he did not observe the members of his team kick, stomp, or use any excessive force against ▆▆▆[11]

On January 24, 2018, accused Detective Mark Zawila ("Det. Zawila"), Star #20115, gave COPA an audio recorded interview. Det. Zawila stated on July 22, 2015, he was assigned to the Gang Investigations Division. Det. Zawila stated he was wearing plainclothes and driving in an unmarked vehicle. Det. Zawila stated he was around 87ᵗʰ St. and Kildare on surveillance, for a couple of hours, awaiting the arrival of ▆▆▆ at a residence. Det. Zawila stated he and his team had received information from the mother of ▆▆▆ girlfriend saying when he would arrive at the home. Det. Zawila stated ▆▆▆ had been involved in a shooting earlier that date. Det. Zawila stated an investigative alert existed for ▆▆▆ arrest in that shooting, along with other outstanding arrest warrants.

Det. Zawila stated ▆▆▆ pulled up in a green mini-van in a church parking lot near the address he and other members of his team were waiting. Det. Zawila stated at that point ▆▆▆ must have noticed something because he took off in his van. Det. Zawila stated ▆▆▆ fled southbound in the mini-van through the church parking lot. Det. Zawila stated ▆▆▆ continued across 87ᵗʰ St., struck an oncoming vehicle driven by an off-duty CPD officer, identified as

---

[11] Attachment 37

EXHIBIT 6a

**CIVILIAN OFFICE OF POLICE ACCOUNTABILITY**　　　　　**LOG #1086690**



Officer Bryan Reynolds, lost control, and hit a parked semi-truck. Det. Zawila stated ▆▆▆▆ continued to flee on foot southbound across 87th St. and into the yards for approximately one or two blocks in Hometown, IL. Det. Zawila stated when he came upon ▆▆▆▆ he was already arrested by Sgt. Lopez and Officer Kilroy and being placed in the backseat of Officer Kilroy's vehicle by Sgt. Lopez. Det. Zawila stated after ▆▆▆▆ apprehension, officers from the Hometown, IL Police Department arrived at the location along with ambulances. Det. Zawila stated he observed a little cut across ▆▆▆▆ forehead. Det. Zawila stated he did not know if ▆▆▆▆ forehead injury occurred prior to, or was a result of the accident. Det. Zawila stated he and Officer Kevin Kilroy drove ▆▆▆▆ to the Little Company of Mary Hospital. Det. Zawila stated after ▆▆▆▆ received medical treatment, he and Officer Kilroy conveyed him for questioning at the Area Central Detective Division.

Det. Zawila stated at no time did he kick or stomp ▆▆▆▆ in the head or body. Det. Zawila stated he did not see other team members kick or stomp ▆▆▆▆ in the head or body. Det. Zawila stated he did not see Officer Matthews choke, strangle, or place his hands on the neck area of ▆▆▆▆ Det. Zawila stated he did not see ▆▆▆▆ struck with a foot in the head, causing him to hit his head on the curb. Det. Zawila stated he did not see any use of force against ▆▆▆▆[12]

On January 25, 2018, accused Sergeant Jose Lopez ("Sgt. Lopez"), Star #809, gave COPA an audio recorded interview. Sgt. Lopez stated July 22, 2015, he was assigned and supervising the Area Central Homicide Team, Gang Investigations Division. Sgt. Lopez stated the members of his team that day were Det. Zawila, Officer Matthews, Officer DeLopez, and Officer Kilroy. Sgt. Lopez stated he was wearing plainclothes and driving in an unmarked vehicle. Sgt. Lopez stated that day he was looking for ▆▆▆▆ Sgt. Lopez stated he was informed by Area Central detectives ▆▆▆▆ was identified as a suspect in a shooting earlier in the day. Sgt. Lopez stated that ▆▆▆▆ also had several miscellaneous warrants outstanding as well. Sgt. Lopez stated the team had received information from ▆▆▆▆ girlfriend's mother that ▆▆▆▆ occasionally stayed at the home and would be arriving there that date. Sgt. Lopez stated he initially observed ▆▆▆▆ near 87th and Kolin Ave. Sgt. Lopez stated he was in his vehicle facing westbound on 87th St., east of Kolin Ave. Sgt. Lopez stated he observed a green van driving through a church parking lot on the northwest corner of 87th St. and Kolin Ave. at a high rate of speed and crash into a car traveling westbound on 87th. Sgt. Lopez stated the van careened off that car and crashed into a semi-truck parked in front of the church, on the northside of the street. Sgt. Lopez stated he observed ▆▆▆▆ exit the van and begin running in a southwest direction towards Hometown. Sgt. Lopez stated he recognized ▆▆▆▆ from his picture, his previous arrest and then used his vehicle to pursue ▆▆▆▆

Sgt. Lopez stated he pursued ▆▆▆▆ for a couple of blocks then pulled his vehicle in front of him to cut off his avenue of escape. Sgt. Lopez stated ▆▆▆▆ complied when directed to

---

[12] Attachment 38

*7*

*(handwritten margin notes:)* NEVER WENT To Hospital,

*(handwritten margin notes right:)* NEVER SAID anything about MY EYE ??

*(handwritten margin notes left:)* OTHER OFFICERS SAID DIFFERENT STORIES...

CIVILIAN OFFICE OF POLICE ACCOUNTABILITY                    LOG #1086690

lie on the ground. Sgt. Lopez stated he placed ███████ hands behind his back, handcuffed him, and helped him off the ground placing him in an unmarked vehicle. Sgt. Lopez stated ████ complied with his commands and that physical force was not used in effecting ████ arrest. Sgt. Lopez stated he was assisted by Officer Kilroy in effecting ████ arrest. Sgt. Lopez stated he returned to the site near the church parking lot to evaluate the victim in the car that ████ ████ hit, identified as an off-duty CPD police officer, Officer Bryan Reynolds, and the three small children in the van ████ drove. Sgt. Lopez stated he summoned EMS for everyone that was involved in the accident. Sgt. Lopez stated several ambulances arrived to evaluate everyone at the scene. Sgt. Lopez stated Det. Zawila and Officer Kilroy conveyed ████ to Little Company of Mary Hospital? Sgt. Lopez stated this occurred due to the lack of available ambulances and the time to triage the accident victims. Sgt. Lopez stated after ████ received medical treatment, Officer Kilroy and Det. Zawila conveyed ████ to Area Central Detective Division for further investigation. Sgt. Lopez stated ████ had a small abrasion over his left eyebrow and a small scratch on the tip of his nose. Sgt. Lopez stated it was possible that either the altercation prior to the shooting, or the vehicle accident while fleeing to avoid arrest could have led to ████ facial injuries. Sgt. Lopez stated he did not kick, punch or strike ████ Sgt. Lopez also stated Officer Kilroy, who assisted in arresting ████ did not kick, hit or strike him. Sgt. Lopez stated he did not see any members of his team punch, hit or kick ████ Sgt. Lopez stated he did not see Officer Matthews have any physical contact with Mr. ████ [13]

On January 25, 2018, accused Officer Daniel DeLopez ("Officer DeLopez"), Star #15612, gave COPA an audio recorded interview. Officer DeLopez stated on July 22, 2015, he was assigned to the Gang Investigation Division. Officer DeLopez stated his team that day consisted of himself, Det. Zawila, Officer Matthews, Officer Kilroy and Sgt. Lopez. Officer DeLopez stated he was wearing plainclothes and driving in an unmarked vehicle. Officer DeLopez stated he was working a follow-up aggravated battery-shooting investigation involving ████ Officer DeLopez stated ████ had been in a fight earlier the morning of July 22, 2015. Officer DeLopez stated ████ had allegedly been hit in the face with a pipe, and ████ allegedly went to get a handgun and shot the individual that struck him with the pipe. Officer DeLopez stated that an investigative alert existed for ████ regarding his involvement in a shooting earlier that day. Officer DeLopez stated he and Det. Zawila were on surveillance based upon information from ████ girlfriend's mother that said ████ would return to the area. Officer DeLopez stated he first saw ████ drive an Astro van into a church parking lot in the 8600 block of South Kolin Ave. Officer DeLopez stated he and Det. Zawila were on foot, and observed ████ in the church parking lot. Officer DeLopez stated he and Det. Zawila were walking westbound from Kolmar Ave towards the church parking lot anticipating ████ would exit the vehicle and they would apprehend him. Officer DeLopez stated ████ never exited the vehicle on foot. Officer DeLopez stated Officer Kilroy was contacted via encrypted communications, and informed ████ was in the vehicle in the church parking lot.

---

[13] Attachment 39

8

**CIVILIAN OFFICE OF POLICE ACCOUNTABILITY**                    **LOG #1086690**



Officer DeLopez stated Officer Kilroy approached the church parking lot in his vehicle. Officer DeLopez stated, ▮ sped off at a high rate of speed. Officer DeLopez stated ▮ drove southbound from the church parking lot. Officer Lopez stated ▮ made it to 87th Street, less than half-a-block, and struck two vehicles, a passenger vehicle and then a truck. Officer DeLopez stated an off-duty police officer, identified as Officer Bryan Reynolds, on his way to work was injured when ▮ hit his passenger vehicle. Officer DeLopez stated ▮ then fled southbound on foot, across 87th St., into Hometown, IL. Officer DeLopez stated he pursued ▮ on foot. Officer DeLopez stated he momentarily lost visual contact of ▮ but still followed him in the direction he fled. Officer DeLopez stated when he arrived on foot near 87th Place, he observed Sgt. Lopez placing ▮ into custody. Officer DeLopez stated ▮ was on his stomach on the ground, hands behind his back, with Sgt. Lopez handcuffing him. Officer DeLopez stated Officer Kilroy was present with Sgt. Lopez when ▮ was arrested. Officer DeLopez stated once he saw the scene was secure, and there was no risk to fellow officers or anyone on the street, he ran back to the intersection of 87th and Kolmar to secure the vehicle. Officer DeLopez stated he wanted to secure ▮ vehicle because a handgun used in the earlier shooting that day might be inside. Officer DeLopez stated when he got to the location, the vehicle was not there. Officer DeLopez stated he later learned ▮ vehicle was moved by his girlfriend and hidden behind the church.

Officer DeLopez stated ambulances were called for ▮ the children inside the vehicle when he fled and had the accident, and the injured off-duty CPD officer. Officer DeLopez stated he believed at that time ▮ refused medical treatment, but shortly after claimed he wanted medical attention and was conveyed by Officer Kilroy and Det. Zawila to Little Company of Mary Hospital. Officer DeLopez stated he did not observe any injuries to ▮ at that time. Officer DeLopez stated after ▮ was treated at Little Company of Mary Hospital, he was taken to the Area Central Detective Division.

Officer DeLopez stated at no time did he hit, kick or punch ▮ Officer DeLopez stated at no time did he have physical contact with ▮ Officer DeLopez stated at no time did he see any of his team members hit, kick or punch ▮ Officer Lopez stated at no time did he see any physical force used against ▮ to force compliance with his arrest. Officer DeLopez did not recall at any other juncture ▮ requesting medical attention after being treated at Little Company of Mary Hospital.[14]

On January 30, 2018, accused Officer Kevin Kilroy ("Officer Kilroy"), Star #10398, gave COPA an audio recorded interview. Officer Kilroy stated on July 22, 2015, he was assigned to the Gang Investigations Division. Officer Kilroy stated he was in plainclothes and working alone, driving an unmarked Ford Explorer. Officer Kilroy stated the team members besides himself that day were Officer DeLopez, Det. Zawila, Officer Haven Matthews, and Sgt. Lopez. Officer Kilroy stated on that day he received information from a member of his team, possibly

---

[14] Attachment 41

9

EXHIBIT I

CIVILIAN OFFICE OF POLICE ACCOUNTABILITY          LOG #1086690



Officer DeLopez, that they were going to sit on a house. Officer Kilroy stated ▇▇▇▇ had been identified as the person who shot someone in the back earlier in the day. Officer Kilroy stated there was probable cause to arrest ▇▇▇▇ based upon ▇▇▇▇ identification in a photo array by the detective handling the shooting investigation.

Officer Kilroy stated his first encounter with ▇▇▇▇ was at 8650 S. Kolin Ave. Officer Kilroy stated the team had intelligence that ▇▇▇▇ would be near that location that day. Officer Kilroy stated Officer Matthews, through hand-held CPD issued phones, made him aware of ▇▇▇▇ in a church parking lot driving a green van. Officer Kilroy stated he pulled up in his vehicle and activated his emergency equipment. Officer Kilroy stated there was a white female with blonde hair standing outside the van. Officer Kilroy stated the van pulled out heading southwest onto 87th St. at an angle, then hit a car going westbound on 87th. Officer Kilroy stated ▇▇▇▇ van bounced off the car and then hit a parked semi-trailer or truck. Officer Kilroy stated ▇▇▇▇ jumped out of the van. Officer Kilroy stated he was on foot at that time but jumped back into his vehicle, perused the area, and saw ▇▇▇▇ running, so he stayed in his car.

Officer Kilroy stated he saw ▇▇▇▇ running through the gangway into Hometown, IL, and that he momentarily lost sight of ▇▇▇▇ Officer Kilroy stated he was attempting to drive parallel to ▇▇▇▇ and that he drove through an unknown side street in Hometown, IL, then turned onto 87th Place. Officer Kilroy stated as he drove onto 87th Place, he saw ▇▇▇▇ running towards him. Officer Kilroy stated he pulled his weapon and told ▇▇▇▇ to get on the ground, and then Sgt. Lopez came up in a covert vehicle, jumped out of the vehicle and handcuffed him. Officer Kilroy stated he and Sgt. Lopez place ▇▇▇▇ in Officer Kilroy's vehicle and returned to the location of the accident. Officer Kilroy stated Det. Zawila may have joined him and Sgt. Lopez at the scene of ▇▇▇▇ arrest. Officer Kilroy stated there were injuries to an off-duty CPD officer, resulting from ▇▇▇▇ hitting his vehicle. Officer Kilroy stated there were three children sitting in lawn chairs in the back of the van when ▇▇▇▇ drove onto 87th St resulting in an accident. Officer Kilroy stated ambulances were called to the scene. Officer Kilroy stated as a precautionary measure, he and Det. Zawila conveyed ▇▇▇▇ to Little Company of Mary Hospital. Officer Kilroy stated he observed a little nick on ▇▇▇▇ head. Officer Kilroy stated while at the hospital ▇▇▇▇ may have told hospital staff he received the head injury earlier in the day, but he was not sure. Officer Kilroy stated he and Det. Zawila conveyed ▇▇▇▇ to the Area Central Detective Division after receiving medical treatment. Officer Kilroy stated he did not hit, kick or punch Mr. ▇▇▇▇ Officer Kilroy stated Det. Zawila or Sgt. Lopez did not hit, kick or punch ▇▇▇▇[15]

   **b. Physical Evidence**

The **CFD Ambulance Report** states on July 22, 2015, ▇▇▇▇ received medical attention from CFD Ambulance 17, Taylor and Marquardt, responding to a dispatched medical run to

---

[15] Attachment 40

**CIVILIAN OFFICE OF POLICE ACCOUNTABILITY**            **LOG #1086690**

8699 S. Kostner Ave. on an injured victim. The report states ▮▮▮▮ had been involved in a motor vehicle accident and had a bleeding knee and abdominal pain, and wanted to go to the hospital. CFD Ambulance 17, accompanied by Officer Kilroy, transported ▮▮▮▮ to Little Company of Mary Hospital.[16],[17]

**Medical records** from Little Company of Mary Hospital state on July 22, 2015, ▮▮▮▮ was brought into the Emergency Services Department with a complaint of chronic abdominal pain, and multiple abrasions from a previous altercation. The report also states ▮▮▮▮ told medical personnel that the laceration he sustained to his forehead at the medial canthus of the right eyebrow occurred before he was arrested. The records state that upon arrest, ▮▮▮▮ complained of intermittent abdominal pain. The records indicate that ▮▮▮▮ stated to hospital medical personnel the intermittent abdominal pain has been going on for years. The records indicate that ▮▮▮▮ also complained of mid back pain and a headache. The medical records show ▮▮▮▮ was treated and returned to the custody of the Chicago PD.[18]

**Medical records** from Mercy Hospital state on July 25, 2015, ▮▮▮▮ was transported from the 2nd District to Mercy Hospital complaining of abdominal pain. Medical records state ▮▮▮▮ told hospital medical personnel he had abdominal pain. The medical records indicate that ▮▮▮▮ stated it was a chronic condition he has had for years and that the condition had flared up in the past few days with nausea and vomiting. The records state that ▮▮▮▮ was treated and returned to the custody of the Chicago PD.[19]

   **c. Documentary Evidence**

The **Office of Emergency Management and Communications Event Query Report# 1520316425** indicates that at 87th and Kolin, a wanted offender, later identified as ▮▮▮▮ took off and hit an off-duty police officer. The event query report also indicates that EMS units were called for children that were in the van driven by ▮▮▮▮ when he fled, and the off-duty police officer, identified as Officer Reynolds, hit in his car by the fleeing offender, complaining of chest pains. The event query report shows police officers from the 8th District responded to the location, with Beat no. 852 doing the paperwork for the accident report.[20]

The **CPD Arrest Report CB# 19156266** states on July 22, 2015, at approximately 9:00 PM, the arresting officers, Officers DeLopez, Matthews, Kilroy, Sgt. Lopez and Det. Zawila, arrested ▮▮▮▮ after he was positively identified as the individual who shot the victim, Jesse Herrera, in the lower back. The arrest report states the arresting officers also had knowledge of

---

[16] Attachment 45
[17] On April 12, 2018, Sgt. Lopez, Det. Zawila, and Officer Kilroy gave follow-up interviews to COPA regarding the CFD Ambulance Report. All parties stated they stand by their initial statements regarding the transport of ▮▮▮▮ to Little Company of Mary Hospital on July 22, 2015.
[18] Attachment 48
[19] Attachment 26
[20] Attachment 25

EXHIBIT 12

CIVILIAN OFFICE OF POLICE ACCOUNTABILITY          LOG #1086690

an investigative alert with probable cause to arrest ▇▇▇▇ for the shooting. The report states that
while attempting to apprehend ▇▇▇▇ he fled in a green over green Chevrolet Astro-Van,
striking two vehicles in the process. The arrest report states I ▇▇▇ then fled on foot. A short
foot chase ensued and the offender ▇▇▇▇ was placed into custody at 4333 87th Place,
Hometown, IL. The arrest report states a search of ▇▇▇▇ vehicle revealed a Ruger 9 MM
semi-auto pistol containing eleven live rounds.[21]

### d. Additional Evidence

▇▇▇▇ has pending civil litigation regarding his complaint in the U.S. District Court,
Northern District of Illinois, Eastern Division.[22]

## VI.   ANALYSIS

Rules 8 and 9 of the Rules and Regulations, Chicago Police Department, conjointly,
prohibit the use of any excessive force by any member. These rules prohibit all brutality, and
physical or verbal maltreatment of any citizen while on or off duty, including any unjustified
altercation of any kind. ▇▇▇▇ alleges that on July 22, 2015, Sgt. Lopez, Det. Zawila, and
Officers Matthews, Kilroy and DeLopez, while effecting his arrest, hit, kick, and punched his
body as he lay prone on the ground. After his arrest, the CPD officers assert that they
transported ▇▇▇▇ to Little Company of Mary Hospital for treatment. While the CFD
Ambulance Report indicates CFD personnel transported ▇▇▇▇ CPD personnel describe the
accident location as a hectic scene in which multiple ambulances responded to treat multiple
victims. Therefore, it is plausible that CPD officers transported ▇▇▇▇ after he initially refused
treatment, to Little Company of Mary Hospital, despite the statements of the CFD paramedics.

COPA's evaluation of the evidence came down to a credibility assessment involving the
accused officers and ▇▇▇▇ At the hospital, ▇▇▇▇ told emergency room personnel that he
received abrasions, and a laceration to his forehead at the right eyebrow, prior to his arrest.
Earlier that day, ▇▇▇▇ was involved in a physical altercation with an individual in which he
was hit in the head with a pipe. ▇▇▇▇ was also in a traffic accident fleeing arrest from CPD
officers as a wanted suspect in a retaliatory shooting from being hit in the head with the pipe.
Additionally, ▇▇▇▇ told emergency room personnel his intermittent abdominal pain was a
chronic condition he suffered for years. At no point while at Little Company of Mary Hospital
did he state his injuries was inflicted by Sgt. Lopez, Det. Zawila, and Officers Matthews, Kilroy
and DeLopez while effecting his arrest.[23] Two days later, while still detained at the 2nd District,
▇▇▇▇ again complained of abdominal pain and was conveyed to Mercy Hospital. At that
hospital, ▇▇▇▇ told medical personnel that the abdominal pain was a chronic condition. At no
juncture did ▇▇▇▇ tell Mercy Hospital medical personnel that his physical condition was a

---

[21] Attachment 5
[22] Attachment 14, Case# 17C3790
[23] Attachment 48

**CIVILIAN OFFICE OF POLICE ACCOUNTABILITY**                    LOG #1086690

result of being hit, kicked and punched upon his body by Sgt. Lopez, Det. Zawila, and Officers Matthews, Kilroy and DeLopez.[24] Similarly, ████ made no allegations of excessive force to supervisory or detention personnel while detained at the 2nd District. The accused officers' statements coincide with the medical reports from two hospitals and the fact that ████ did not say his injuries were the result of the officers kicking, punching, and hitting upon his body. In addition, the evidence reveals that ████ only made his allegations of excessive force approximately two years after the alleged incident when he filed his civil litigation complaint seeking damages.

When weighing the credibility of all involved, COPA found the accounts of the involved officers to be more credible than that of ████ claims of excessive force arose only from a civil lawsuit. COPA opines that the amount of time that elapsed before ████ made these claims and the desire for damages shows a motivation to lie and bias against the officers. Moreover, Officer Reynolds was not involved at all in the surveillance of ████ and by happenstance was hit by ████ car. He clearly corroborates the accounts of the arresting officers. COPA believes it is more likely than not that ████ received his abrasions and the laceration to his forehead at the right eyebrow in an altercation prior to his arrest and/or during the car accident that he caused when he fled officers.

COPA's burden of proof is based on the preponderance of evidence standard. Based upon the evaluation of the evidence, COPA recommends these allegations be Unfounded.

## VII.   CONCLUSION

Based on the analysis set forth above, COPA makes the following findings:

| Officer | Allegation | Finding |
|---|---|---|
| Officer Sgt. Jose Lopez | 1. It is alleged that on or about July 22, 2015, at 4333 W. 87th St., Hometown, IL, at approximately 9:00 PM, Sgt. Jose Lopez kicked, punched, and hit upon the body of ████ causing injury in violation of Rules 8 and 9. | Unfounded |
| Officer Haven Matthews | 1. It is alleged that on or about July 22, 2015, at 4333 W. 87th St., Hometown, IL, at approximately 9:00 PM, Sgt. Jose Lopez kicked, punched, and hit upon the body of ████ causing injury in violation of Rules 8 and 9. | Unfounded |
| Detective Mark Zawila | 1. It is alleged that on or about July 22, 2015, at 4333 W. 87th St., Hometown, IL, at approximately 9:00 PM, Sgt. Jose Lopez | Unfounded |

---

[24] Attachment 26

*EXHIBIT 1 N*

## CIVILIAN OFFICE OF POLICE ACCOUNTABILITY

LOG #1086690

| | | |
|---|---|---|
| | kicked, punched, and hit upon the body of ▮▮▮▮▮ causing injury in violation of Rules 8 and 9. | |
| Officer Daniel DeLopez | 1. It is alleged that on or about July 22, 2015, at 4333 W. 87th St., Hometown, IL, at approximately 9:00 PM, Officer Daniel DeLopez kicked, punched, and hit upon the body of ▮▮▮▮▮ causing injury in violation of Rules 8 and 9. | Unfounded |
| Officer Kevin Kilroy | 1. It is alleged that on or about July 22, 2015, at 4333 W. 87th St., Hometown, IL, at approximately 9:00 PM, Officer Daniel DeLopez kicked, punched, and hit upon the body of ▮▮▮▮▮ causing injury in violation of Rules 8 and 9. | Unfounded |

Approved:

▮▮▮▮▮▮▮▮▮▮▮

Shannon Hayes
*Acting Deputy Chief Administrator*

4/30/18
Date

14

EXHIBIT 10

## CIVILIAN OFFICE OF POLICE ACCOUNTABILITY

LOG #1086690

### Appendix A

Assigned Investigative Staff

| Squad#: | 10 |
|---|---|
| Investigator: | Mark A. Glenn |
| Supervising Investigator: | Erica Sangster |
| Acting Deputy Chief Administrator: | Shannon Hayes |

15

7-30-18   TO: FRANK

I'm WRITTING YOU BECAUSE I
NEED "COPIE'S & PICTURE'S"
FROM MY CASE FOR MY
LAW SUIT :
              "COLOR"

① PICTURE'S FROM LOCK UP AT 51 ST   2015 JULY 22
② PICTURE'S FROM IN TAKE AT COOK COUNTY
   JAIL .. JULY 25 2015
③ "COPIE'S" OF A "NON-LAWYER" THAT CAME SEEN
   ME ON JULY 23 OR 24 2015  AT 51 ST POLICE DEPARTMENT
   HE'S MY WITNESS  FOR MY LAW SUIT ..
④ COPIE'S OF MY ARREST REPORT!
⑤ PICTURE'S OF  GREEN VAN AND BLUE FORD ESCAPE
   2002"

I NEED THIS FOR COURT  IF
YOU CAN  HELP ME OUT ON THIS
MATTER :

OFFICIAL SEAL
BEATRICE E. STANLEY
Notary Public - State of Illinois
My Commission Expires 02/10/2019

Sincerely

ADAM LUJANO # R44373
P O BOX 99
PONTIAC  IL. 61764
CELL F 306

Subscribed and sworn to before me
this  30  day of July  2018
Beatrice E Stanley, Notary Public

SENT OUT
7-30-18

8-10-18   TO: LITTLE COMPANY OF MARY HOSPITAL RECORD'S
MY NAME IS ADAM ANTHONY LUJANO
MY DATE OF BIRTH. MARCH, 5, 1983. SS# 3-45-72-2475

I'M WRITTING YOU BECAUSE I WOULD LIKE
TO KNOW IF I WAS SEEN THERE
ON "JULY 22, 2015". a round 900 PM 1000 PM
   -EMERGENCY SERVICES DEPARTMENT-
IF SO I WOULD LIKE COPIE'S OF CONSENT
FORM'S WITH MY "SIGNATRE" AND WHAT
I WAS TREATED FOR

AS WELL MEDICAL RECORDS FROM USE'S
IF I WAS "EVER" TREATED IN THE
PASTED BY THIS HOSPITAL

I'M LOCKED UP AT:
ADAM LUJANO #R44373
   PO BOX 99
   PONTIAC IL 61764.

Sincerely

Subscribed and sworn to before me
this 10 day of August 2018
---Beatrice E Stanley. Notary Public

OFFICIAL SEAL
BEATRICE E. STANLEY
Notary Public - State of Illinois
My Commission Expires 02/10/2019

KK
F306

ILLINOIS DEPARTMENT OF CORRECTIONS

## Offender Authorization for Payment

Posting Document # _____  Date 9/26/18

Offender Name ADAM LUJANO  ID# R44373  Housing Unit F 306

Pay to SCOTT COHEN ATTORNEY  MARK D. WINISOZILZ

Address 30 N LASALLE ST

City, State, Zip CHICAGO IL 60602

The sum of _____ dollars and _____ cents charged to my trust fund

account, for the purpose of _____

☑ I hereby authorize payment of postage for the attached mail. . ☐ I hereby request information on electronic
funds transfers to be placed in the attached mail.

Offender Signature _____  ID# R443__ Entered

Witness Signature _____  SEP 27 2018

☐ Approved ☐ Not Approved  Chief Administrative Officer Signature _____ Pontiac Correctional Center

Postage applied in the amount of _____ 3 dollars and 31 cents.

Distribution: Business Office, Offender, Mail Room

Printed on Recycled Paper

DOC 0296 (Eff. 1/2006)
(Replaces DC 828)

## AFFIDAVIT

I, <u>ADAM A. LUJANO</u> being first duly sworn under oath depose and state that the foregoing is true and correct and made upon my personal knowledge and I am competent to testify thereto.

I HAVE SERVED "INTERROGATORIE'S AND REQUEST
FOR PRODUCTION". SENT OUT SEP 27 2018
TO SCOTT COHEN MARK D. WINISTORFER
AT 30 N LASALLE ST CHICAGO IL
60602 BY U.S. MAIL AT PONTIAC
CORRECTIONAL CENTER

**AFFIANT**

SUBSCRIBED AND SWORN TO BEFORE ME
THIS __19__ DAY _October_ , 20_18_

**NOTARY PUBLIC**

OFFICIAL SEAL
BEATRICE E. STANLEY
Notary Public - State of Illinois
My Commission Expires 02/10/2019

## AFFIDAVIT

I, __ADAM A LUTANO__ being first duly sworn under oath depose and state that the foregoing is true and correct and made upon my personal knowledge and I am competent to testify thereto.

I PLAINTIFF MOTION TO AMEND MY COMPLAINT
AS WELL ATTACHED AS WELL EXHIBITS
WITH AMENDED COMPLAINT SENDING TO
COURT OF THE NORTHEN DISTRICT OF
ILLINOIS 219 SOUTH DEAR BORN ST
CHICAGO ILLINOIS 60604 FROM PONTIAC
CORRECTIONAL CENTER E-FIEL

_____
AFFIANT

SUBSCRIBED AND SWORN TO BEFORE ME
THIS _19_ DAY _October_, 20_18_

_____
NOTARY PUBLIC

OFFICIAL SEAL
BEATRICE E. STANLEY
Notary Public - State of Illinois
My Commission Expires 02/10/2019

## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Adam A. Lujano (#R-44373), | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 17 C 3790 |
| v. | ) | |
| | ) | Judge Virginia M. Kendall |
| Officer Haven Matthews, et al., | ) | |
| | ) | |
| Defendants. | ) | |

### ORDER

Although the Court granted Plaintiff's motion to amend his complaint, the document seeking to amend was not itself an amended complaint. If Plaintiff seeks to submit an amended complaint clarifying his claims against and/or the names of Defendants, Plaintiff must submit an amended complaint on this Court's form. *See* Local Rule 81.1. The Clerk of Court shall forward an amended complaint form to Plaintiff. The Court advises Plaintiff that an amended complaint, if accepted, replaces prior complaints and must stand complete on its own. Plaintiff should thus state all the claims he is asserting in this case and name all the parties he seeks to sue as Defendants in the amended complaint. If he seeks the Court and parties to consider exhibits with the amended complaint, he should include them with that complaint.

Date: October 10, 2018

/s/Virginia M. Kendall
United States District Judge

SCANNED at PCC and E-Mailed
10/22/18 (date) by _LK_ (initials)
_1_ (# of pages)